FULLER and another *v.* METROPOLITAN LIFE INS. CO. and another.

(*Circuit Court, S. D. New York.* August 9, 1887.)

EQUITY PRACTICE—MOTION TO DISMISS.

The court will not, upon an ordinary notice of motion to dismiss, anticipate the regular trial of a cause, by examining the pleadings and proofs, to determine whether the court has jurisdiction of the action, or whether the complainant is entitled to the relief sought.

*L. A. Fuller,* for complainants.
*Arnoux, Ritch & Woodford,* for defendants.

LACOMBE, J. Issue has been joined in this case by filing an answer, and the complainant has thereupon taken and completed his proof. Defendants now move to dismiss the bill "on the ground that the testimony wholly fails to support any right to relief in this court." In other words, instead of waiting for the regular trial term, and then disposing of the case in the usual manner, defendants request that a species of semi-trial be now had under an ordinary notice of motion. The court is invited to consider the pleadings and proof as if the case were properly here for final disposition, and, if it fail to concur in the defendants' view of the law, they may, putting in such further testimony as they may be advised, proceed hereafter to try the case over again, at another term, and probably before another judge. The inconvenience of such a practice is manifest, and as it is concededly novel, defendants being unable to point to a single case, reported or unreported, in which it has been approved, this court must decline to sanction its inauguration.

Defendants also claim that the court has no jurisdiction; the amount in controversy not exceeding $500. Inasmuch as its jurisdiction may be challenged at any time, they contend that the court should now dismiss the bill on that ground. The defendants concede that upon the bill alone such a motion would not prevail, it being "possible to infer from the bill, standing alone, the existence of a state of facts by reason of which the amount in controversy might exceed $500." But they contend that "*looking through* the testimony with a view to discovering the amount in controversy," it becomes evident that there is a total failure on the part of the complainant to show a sufficient amount in controversy to sustain the jurisdiction. If, however, this is to be determined by a consideration of the proof as well as the pleading, such determination is neither more nor less than a trial, and must, like other trials, be had at the regular term assigned for such business.

The preliminary objection raised by complainant to the hearing of this motion is therefore sustained, and the motion dismissed, for the reasons indicated above.