NORA GRIMES

*v.*

JOHN N. GRIMES *et al.*

*Filed at Mt. Vernon November 1, 1892.*

1. CHANCERY — *when motion to dismiss bill is proper.* Under the chancery practice of this State a motion to dismiss a bill may be properly made by the defendant whenever he denies the right of the complainant to file it, as, where a bill of review has been filed without leave of the court; or the motion may be based upon the failure of the complainant to comply with some order of the court made after the bill has been filed, as, the failure to give bond for costs. The motion may also be made on the ground that there is no equity apparent upon the face of the bill, or that the court has no jurisdiction. In such cases the motion is treated as a general demurrer.

2. SAME — *dismissal of bill on motion.* A bill will never be dismissed upon motion, for want of equity, unless it is clear that no amendment will help it. This is a necessary result of treating the motion as a demurrer.

3. A motion to dismiss a bill on the ground no equity appears on its face, must be held to admit all the facts well pleaded by the bill.

4. SAME — *bill by infant to impeach decree.* It is the well settled law of this State that an infant who has been wronged by a decree of a court of chancery can maintain an original bill for relief. Unlike an adult, he may question such decree without applying for a rehearing or filing a bill of review. This right may be exercised at any time by the infant before he attains his majority, or afterward, within the time in which he could successfully prosecute a writ of error to reverse the erroneous decree.

APPEAL from the Circuit Court of Crawford county.

To the September term, 1887, of the circuit court of Crawford county appellant filed her bill in chancery, against appellees, to vacate a decree for divorce and alimony theretofore rendered by said court in her favor, against Charles R. A. Grimes, then her husband, and his mother, Elizabeth A. Grimes, and for the partition of certain lands of which she alleges her said husband died seized. The bill, as amended, stated, in substance, that on March 1, 1887, the complainant was married to said Charles R. A. Grimes, and lived with him as his wife until the 12th of the following June, when he deserted her, and continued to abandon and desert her until December 30, 1888, when he died; that at the time of the marriage, and during said coverture, her said husband was seized of certain described farm lands worth $20,000, and of the annual rental value of $1000; that he was also, during said time, the equitable owner of certain other lands purchased by his mother, then his guardian, with funds belonging to him, the title to which was taken in the name of said mother; that on the 14th of April, 1887, while complainant and her husband were temporarily in the State of Kansas, she was induced by him to sign what he represented to her to be a mortgage to his said mother of said lands, but which she afterwards learned was a deed conveying the same to said Elizabeth A. Grimes, and that said deed was made without any good or valuable consideration for the purpose of defrauding complainant, and that the said Elizabeth A. Grimes, in receiving the same, fraudulently conspired with the said Charles R. A. Grimes to defraud her of her rights in and to said real estate; that shortly after the execution of the said deed her said husband returned to the State of Illinois and abandoned her, refusing to live with or support her, pretending, as a reason for such refusal, that he was without means so to do; that at the time she was so abandoned and deserted she was a stranger in the

county of Crawford, where her husband resided, and destitute of means of support; that John N. Grimes, the defendant to this bill, then the husband of said Elizabeth A. Grimes, falsely pretended to be her friend, and advised her to commence legal proceedings against her said husband to secure the means of her support and maintenance, and that under said advice she did consult attorneys, who, on the 16th of June, 1887, filed in said court her bill of complaint. Here is set out a bill for divorce and alimony, charging said husband with desertion and adultery, averring his ownership of said real estate, and that she had been induced by fraud, as aforesaid, to convey the same to said Elizabeth A.

The answer of the husband is also set out, admitting the marriage as alleged, but denying all the other material allegations of the bill, and averring that the conveyance of said real estate was made to his said mother in good faith, for a valuable consideration, and without fraud, and also charging the complainant with adultery. The answer of said Elizabeth A. is set forth, which also denies all fraud in the said conveyance to her, and avers that it was made for a valuable consideration.

It is then averred that, on the 12th of September, 1887, said court rendered a decree in complainant's favor for alimony *pendente lite* in the sum of $300, to be paid by her said husband, awarding execution therefor, and that execution did issue for said amount, but said husband denied that he had any goods or effects out of which the same could be paid, and the same was returned wholly unsatisfied, no property found; that the said Elizabeth A. and said husband both falsely represented and stated to her that said husband had been fully paid for said lands, and had spent the money, and was destitute of means of any kind; that she became discouraged and disheartened by said adverse circumstances, and being misled by such false statements, and intimidated by threats of the said Elizabeth A. and Charles R. A., her husband, that

they would produce witnesses upon the trial of said cause to prove the false and defamatory matters set up in the answer of said husband against her, she was induced to entertain propositions made by said parties to compromise all matters in controversy in said suit and growing out of her said marriage; that being so misled and deceived she did, while said divorce suit was still pending, agree to take the sum of $900 in full satisfaction of all claims against her said husband, he agreeing to withdraw all resistance to her application for a divorce; that in pursuance of said agreement, and not as a result of any trial or the consideration of evidence other than proof of the adultery by the said Charles R. A. Grimes, a decree of divorce in her favor was rendered by said court. The decree is then set out at length. It purports to have been rendered upon the default of the defendant, and proofs heard in open court; finds the material facts set forth in the bill to have been proved, and that the defendant committed adultery subsequent to his marriage with the complainant, but provides that "the complainant shall be forever barred from any and all rights of dower and homestead, and all other rights of, in and to the real estate now owned, or that may be owned hereafter, by the said defendant Charles R. A. Grimes, and in and to any and all real estate in which he may have any legal or equitable interest;" "also, any and all right or claim for alimony, maintenance or support, and of all claim against the defendant, of any and all kind whatever; that she pay all the costs made by her, and that the defendant pay all his costs;" that the defendant pay to the complainant $900, in full satisfaction and discharge of all claims of complainant and of her solicitors, for maintenance, alimony, costs and allowances, and to be a bar to the complainant of all right of dower and homestead, and all the rights of, in and to the real estate now owned or that may hereafter be owned by the said defendant, Charles R. A. Grimes, or in which he may have any legal or equitable interest, and also bar the complainant

from all allowance of every nature and kind whatsoever against
the defendant. It is alleged that the said sum of $900 was
paid by the attorneys of the said husband to the attorneys of
the complainant. The bill then proceeds to aver that the
complainant, at the time of the rendition of said decree, was
an infant, under the age of eighteen years, and so continued
until the 27th day of October, 1888; that the decree was er-
roneous and void, and should be reversed and set aside for
the deceit, false representations and collusion of the said
Charles R. A. Grimes, Elizabeth A. Grimes and John N.
Grimes, and for apparent errors, among which are the fol-
lowing: then follow several allegations of apparent error,
and the averment "that by reason of her infancy at the time
of the filing of her bill of complaint in her name, and at the
time of the rendition of the said decree, she is entitled, in
equity, to have the decree aforesaid reviewed, reversed and
set aside and held for naught, for the errors, collusions and
fraud aforesaid." Other facts set up in the bill pertain only
to the rights of the parties in partition.

Counsel for appellee, John N. Grimes, appeared in the court
below and entered a motion to dismiss the bill because it had
been filed without leave of court, and this motion the court
sustained, dismissing the bill at the costs of the complainant.
From that decree this appeal is prosecuted.

Messrs. CALLAHAN, JONES & LOWE, and Messrs. BRADBURY &
LEWIS, for the appellant:

The right of an infant to file an original bill to impeach a
decree for fraud, or error appearing on the face of the record,
is well established in this State. *Lloyd* v. *Malone,* 23 Ill. 43;
*Kuchenbeiser* v. *Beckert,* 41 id. 172; *Hess* v. *Voss,* 52 id. 478;
*Gooch* v. *Greene,* 102 id. 507; *Lloyd* v. *Kirkwood,* 112 id. 329;
*Haines* v. *Hewitt,* 129 id. 347; *Coffin* v. *Argo,* 134 id. 276.

A divorce granted to a wife for the adultery of her husband
does not bar her right of dower, even though it is not vacated.

Rev. Stat. chap. 41, sec. 14; *Clarke* v. *Lott,* 11 Ill. 105; *Sisk* v. *Smith,* 1 Gilm. 510; *Howey* v. *Goings,* 13 id. 108; *Gordon ·* v. *Dickison,* 131 id. 144.

An agreement between husband and wife to let her have a divorce in consideration of her release of dower, etc., is against public policy, and void. Greenhood on Public Policy, 490; *Spect* v. *Dousman,* 7 Mo. App. 165; *Belden* v. *Meyer,* 5 Minn. 211; *Doggett* v. *Doggett,* 5 Paige, 509; *Merchlenburg* v. *Holler,* 29 Ind. 129; *Cross* v. *Cross,* 58 N. H. 373; *Hamilton* v. *Hamilton,* 89 Ill. 351.

An infant can not sue by attorney, but must sue by guardian or next friend. Ewell's Leading Cases on Infancy and Coverture, 232, 233; Rev. Stat. chap. 22, sec. 5; *Stiner* v. *Shelbach,* 1 Dall. 165; *Alvey* v. *Reed,* 115 Ind. 148.

Mr. W. C. JONES, and Mr. E. E. NEWLIN, for the appellees:

As to the right to file a bill of review, and the practice, see Story's Eq. Pl. secs. 405, 414; Mitford's Eq. Pl. 84; Cooper's Eq. Pl. 42; Adams' Eq. 724, sec. 416; Puterbaugh's Ch. Pr. 253; 3 Daniell's Ch. Pr. sec. 1800; 2 Barbour's Ch. Pr. 95; *Ricker* v. *Powell,* 100 U. S. 104.

The only thing that can be done under a bill of review is to set aside the former decree, and nothing more. *Burgess* v. *Pope,* 92 Ill. 259; *Wright* v. *Gay,* 101 id. 239.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

The principal question raised upon this record is, did the circuit court err in dismissing the appellant's bill. Under the chancery practice in this State, a motion to dismiss a bill may be properly made by the defendant whenever he denies the right of the complainant to file it, as, where a bill of review has been filed without first obtaining leave of the court; or the motion may be based upon the failure of complainant to comply with some order of the court made after the bill has been filed, as, the failure to give bond for costs, etc. The

motion may also be made upon the ground that there is no equity apparent upon the face of the bill, or that the court has no jurisdiction, though such is not the generally approved chancery practice, and in such case the motion is treated as a general demurrer, admitting all the facts well pleaded by the bill. (*Vieley* v. *Thompson,* 44 Ill. 9; *Hickey* v. *Stone et al.* 60 id. 458; *Emerson* v. *Western Union Railroad Co.* 75 id. 176.) A bill will never be dismissed upon such a motion unless it is clear that no amendment can help it. (*Thompson* v. *Adams et al.* 30 Ill. 37.) Such is the necessary result of treating the motion as a demurrer to the bill.

In this case, the order of dismissal was not based upon the insufficiency of the allegations of the bill to entitle the complainant to the relief prayed, nor upon the failure of the complainant to obey any order of the court made subsequent to the filing of her bill, but upon the sole ground that the bill had, in the first instance, been placed upon file without leave of court. Appellee's motion below, and the argument of his counsel here, in support of the correctness of the ruling of the circuit court, proceed upon the theory that the bill of appellant is a bill of review, or a bill in the nature of a bill of review, which could only be filed by leave of court. We have carefully examined the bill, and given due consideration to the argument of counsel for appellee, and are unable to agree with their contention.

The foundation of complainant's claim to the relief prayed is the allegation that at the time the bill for divorce and alimony was filed, and the decree rendered thereon, she was a minor. It is the well settled law of this State that an infant who has been wronged by the decree of a court of chancery can maintain an original bill for relief. Unlike an adult, he may question such a decree without applying for a rehearing or filing a bill for review. *Lloyd* v. *Malone,* 23 Ill. 43; *Kuchenbeiser* v. *Beckert,* 41 id. 172; *Hess* v. *Voss,* 52 id. 472; *Gooch* v. *Green,* 102 id. 507; *Lloyd* v. *Kirkwood,* 112 id. 329; *Haines*

v. *Hewitt*, 129 id. 347; *Coffin* v. *Argo*, 134 id. 276. This right of the infant may be exercised at any time before he attains his majority, or afterwards within the time in which he could successfully prosecute a writ of error to reverse the erroneous decree. We are clearly of the opinion that the bill before us is a bill of that class, and that the complainant had a right to file it without first obtaining the consent of the court.

In the argument of counsel maintaining that the bill should be treated as a bill of review, stress is placed upon the fact that the minority of the complainant does not appear upon the face of the proceedings attacked; that while the bill for divorce alleges that the complainant was a minor at the time she joined her husband in the conveyance to his mother, it nowhere appears in that bill, or the proceedings under it, that she was then an infant. We are unable to perceive why that fact should be held to affect her right to file an original bill, if it sufficiently shows that her infancy was taken advantage of or her rights ignored in the proceeding complained of.

While, as already stated, the decree of the circuit court appealed from was based upon the theory that the bill was one of review, and was therefore improperly filed without first obtaining leave of the court, it is insisted that it shows upon its face that it is without equity, and that the decree below should on that ground be affirmed. As we have before shown, to give the motion to dismiss that effect it must be held to admit all the facts well pleaded by the bill.

As the cause must be remanded for further proceedings, which will probably result in a hearing upon the merits of the case, we refrain from expressing any opinion as to the merits of the case made by the bill, farther than to say that it presents enough on its face to call for an answer.

For the error of the circuit court in dismissing the bill at the costs of the complainant its decree will be reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed. *Decree reversed.*