# IN THE MATTER OF THE ESTATE OF KEAHO (w.), DECEASED.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JANUARY 8, 1906.          DECIDED JANUARY 17, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

WILL—*revocation of probate.*

> A decree dismissing a petition to revoke the probate of a will on the ground of forgery is affirmed on the evidence.

ID.—*practice.*

> The rule announced in *Territory v. McCandless*, 16 Haw. 728, and *Texeira v. American Dry Goods Association*, ante 41, that it is not correct practice in equity to dismiss a bill at the close of plaintiff's case on motion of defendant without resting is applicable to a proceeding of this kind.

### OPINION OF THE COURT BY WILDER, J.

This is an appeal from a decree dismissing a petition to revoke the probate of a will on the ground that the will was a

forgery, this proceeding being brought about three years after probate. The petitioners are four of the five children of testatrix, the revocation being contested by the husband and sole devisee under the will and the fifth child.

Appellants contend in the first place that, on the authority of *Territory v. McCandless,* 16 Haw. 728, and *Texeira v. The American Dry Goods Association,* ante 41, the decree should be reversed because the respondents without resting moved to dismiss the petition at the close of petitioners' case, which motion was granted. The rule announced in those two cases applies to proceedings of this kind as well as to equity suits proper. The reason for the rule is the inconvenience of deciding a case piece-meal, that is, a judge or court should not be required to pass upon the merits of a cause more than once. See *Fuller v. Met. Ins. Co.,* 31 Fed. 696. If a defendant without resting desires to move that plaintiff's bill be dismissed on the ground that the evidence fails to sustain the allegations, he should be required to waive his right to put on evidence, because, if he is not willing to rest, then he must admit that plaintiff's evidence calls for a defense. This, of course, has nothing to do with the right of a judge at any time to dismiss a bill of his own motion. But, in the case at bar, although respondents were not required to rest before having their motion to dismiss the bill entertained, in effect it was the same as if evidence was introduced for respondents, because petitioners themselves introduced testimony for the defense by putting in all the evidence taken when the will was probated.

The claim of the petitioners that the will was a forgery is based upon the fact that the testatrix could not write, the will showing that her name was written, and upon the evidence tending to show that the testatrix could not have executed the will because she was unconscious at the time the will was alleged to have been signed, and that the will was antedated one day.

The will devised all the property to the husband of the testatrix to the exclusion of all the children, who were all of age.

This was under the circumstances a perfectly natural disposition to make of the property.

Petitioners put in all the evidence taken at the time the will was probated. They now claim that it was offered merely to show on what testimony the will was probated. But, whatever the purpose was of offering such testimony, the effect was that a prima facie case was made out in favor of the will, which the petitioners had to meet and overcome. See *Hesterberg v. Clark*, 166 Ill. 241.

That the testatrix could not write was expressly admitted by respondents. The will was signed with the name of the testatrix written out in full, there being nothing to indicate that she was assisted in signing or that it was signed for her by some one else. The witnesses to the execution of the will testified that the testatrix signed it in their presence and in the presence of each other and of the husband of testatrix, one witness testifying that the testatrix "wrote her name on this document, subscribed it herself." This is not absolutely inconsistent with the fact that the testatrix may have been assisted to write her name and is not sufficient to justify a finding that the will was forged.

One of the petitioners, Maleka Mokuahi, testified that she was with her mother for a week preceding her death and up to 3 p. m. on the day she died; that on the day of her death, up to that time at any rate, the mother was practically unconscious, being unable to hear, see or talk; that on the morning of the day of her mother's death the husband spoke of having a will made, but the witness said that it was too late as her mother was then out of her senses. C. S. Mokuahi, the husband of the last witness, testified that on the morning of the death of the testatrix he tried to talk to her, but she could not recognize or hear him, although he admitted on cross-examination that she may have been asleep at the time. Kauwila, a sister of testatrix, and the wife of the man Barenaba who drew the will, testified that the testatrix was unconscious at about 6 p. m. on the day of her death, the will having been executed an hour or so before

that time. The strongest witness for the petitioners was one Frank Joseph, a son in law of testatrix. He testified that a few hours before her death a paper was read to testatrix, but she was unconscious and could not move or speak, and that although he was not in the room yet he was in an adjoining room and in a position to see and hear everything that went on. Everything was carried on in Hawaiian, the witness understanding only a little. He saw one witness sign the paper, but did not see the testatrix or the other witness sign.

That the will was dated August 12th, and the evidence tended to show that it was executed August 13th, we regard as having very little weight.

In the face of the positive testimony given at the probate of the will we cannot say that the trial judge erred in holding that the petitioners did not overcome the prima facie case thus made out in favor of the will. The same judge heard both the petition for probate and the petition to revoke the probate, and this is an important factor, because he was in a better position than any one else to judge of the truth or falsity of the testimony given by the various witnesses. Although the record does not specifically state the reasons of the judge for dismissing the petition, yet it is apparent that he could not have believed all of the testimony given for the petitioners. We cannot hold that the trial judge erred in his conclusion, although it is not necessary to go as far as the case of *Estate of Kealiiahonui,* 6 Haw. 1, which held that the same amount of proof should be demanded in support of a petition to revoke the probate of a will as would be required to convict the parties implicated upon a criminal prosecution for forgery.

Petitioners also claim that there was error in refusing to allow Kauwila, the wife of Barenaba, who died a year or so after the death of Keaho, the testatrix, to be questioned concerning statements made by him to her as to the matters in dispute. The evidence sought to be elicited was clearly hearsay and was rightly rejected for this reason, if for no other. The claim of petitioners' counsel that these statements should have

been admitted on the ground that they were against interest, and consequently an exception to the hearsay rule, is without merit, because Barenaba was not a party in interest either in this proceeding or in the one to probate the will.

The decree appealed from is affirmed.

*S. H. Derby* (*Kinney, McClanahan & Cooper* on the brief) for petitioners.

*C. F. Peterson* for respondents.