MUTUAL TELEPHONE COMPANY, A CORPORATION, *v.* NIPPU JIJI COMPANY, LIMITED, A CORPORATION.

## No. 1047.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

ARGUED DECEMBER 20, 1917.          DECIDED DECEMBER 29, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

EQUITY—*dismissal of bill—practice.*
    It is not correct practice to dismiss a bill in equity for want of equity in the bill, on motion of the respondent after answer filed unless the respondent admits the truth of all the facts averred in the bill and submits the case without leave to offer evidence in the event that his motion shall be denied.
TELEGRAPHS AND TELEPHONES—*right of telephone company to equitable relief against interference with its business.*
    A bill for an injunction filed by a public telephone company which shows, in substance, that the company, in performance of its duty to give good and efficient service, furnishes to its sub-

scribers, for their convenience and information, a directory giving the names and numbers of all its subscribers, and a special directory in the Japanese language for the use of subscribers of Japanese nationality; that the company has endeavored to properly fulfil its duty in the premises, but that such duty cannot be effectively performed unless it has control of the publication and distribution of such directories to the end that their accuracy may be verified; that the respondent has published and is circulating a directory in the Japanese language which is inaccurate and incomplete and contains the names of persons who are not subscribers to the complainant's telephone system, and which causes much trouble and annoyance to the company and its subscribers; and that in publishing the names of non-subscribers who may be reached by calling up certain telephone numbers the respondent causes an increase in the volume of the company's operations and at the same time deprives the company of a certain amount of revenue which it is entitled to receive, states a case entitling the complainant to relief in equity.

OPINION OF THE COURT BY ROBERTSON, C.J.

The complainant exhibited its bill in equity in the court below averring, in substance, that it is a corporation duly organized and chartered under the laws of this Territory for the purpose of establishing and maintaining a telephone system in the city and county of Honolulu, and is now, and for many years past has been operating such telephone system; that, as a necessary part of the service required to be furnished by it, the complainant has, from time to time, and particularly on or about the first day of April, 1917, caused to be issued and furnished to its subscribers a directory containing the names of all of its subscribers, their addresses and telephone numbers, together with a properly classified list of the subscribers for business telephones; that each subscriber is required to enter into a contract with complainant wherein and whereby such subscriber is required to pay a certain sum for the use of complainant's telephones and for the furnishing of telephone service by the complainant. and that the

price charged for the use of such telephones is dependent upon the use made thereof; that great care is required and used in the compilation of complainant's said directory, and to the end that persons of Japanese nationality and name may have the same service and the same benefits therefrom that other subscribers receive the complainant has caused to be issued a telephone directory printed in the Japanese language, in which are accurately stated the names and addresses of all persons having Japanese names who are subscribers to said telephone system; that no persons other than those signing said contracts are as a matter of right entitled to the use of the telephones belonging to complainant and to the telephone service furnished by the complainant, and that false, misleading and inaccurate statements of the names or telephone numbers of subscribers contained in a purported directory of subscribers cause great trouble and annoyance not only to the complainant but to large numbers of its subscribers in that, among other things, such subscribers are being continually annoyed by persons ringing their telephones from erroneous information as to the telephone number of a particular subscriber; that on or about the first day of June, 1917, the Nippu Jiji Company, Limited, the respondent herein, caused to be published and issued, and since said date has exposed for sale and is selling a purported telephone directory of the Japanese subscribers to complainant's telephone system printed in the Japanese language; that said directory issued by said respondent is incomplete and inaccurate, and therein are set forth and advertised the names of numerous persons as having telephone numbers and the right to use the telephones of the complainant who have no right to use the same under any contract with the complainant, thus enabling such persons to obtain the benefit of the use of complainant's telephones and service without paying complainant there-

for; that by reason of the premises the complainant is being defrauded and deprived of the right to collect a monthly charge from persons so advertising in said telephone directory that they are subscribers and have a right to the use of the telephones of the complainant and are entitled to the benefit of its telephone service, who as a matter of fact have no right to be so advertised; that in order to properly conduct complainant's business it is necessary that a central traffic station be maintained at the central office of complainant in Honolulu where persons seeking information relative to telephones and telephone service can obtain the same; that among the persons advertised in respondent's directory as having telephones are numerous persons who have had telephones installed since the publication and issuance of complainant's last telephone directory; that many of such persons have discontinued or will discontinue the use of their said telephones prior to the publication of complainant's next directory in which event the complainant gives the number theretofore used by such a subscriber to a new subscriber with the result that such new subscriber is continually called to his telephone by parties who wish to speak to the former temporary subscriber whose name appears on respondent's directory as having the same identical number; that this difficulty cannot be obviated by the complainant so long as it does not have absolute control over the telephone directories in use by subscribers; that protection to subscribers to telephones is impossible when there is a directory published by persons other than the complainant and in general use containing numbers not listed in complainant's directory; that persons who are members of the family or business associates of a subscriber of the complainant are entitled to have their names placed in complainant's directory upon the payment of the sum of one dollar for each name, pursuant to a

reasonable rule and regulation of complainant; that the respondent, in violation of the rights of the complainant in the premises, and against the wishes of the complainant, is publishing and continuing to publish and issue and sell to divers and various persons to the great damage and inconvenience not only of the complainant, but to its subscribers, and in violation of the rights of complainant and its subscribers; that by reason of the premises complainant is suffering irreparable injury in that the acts done by the respondent constantly interfere with the proper conduct of the business of complainant, involve constant injury and annoyance to its subscribers and prevent complainant from furnishing satisfactory service to the public; and that the complainant has no plain, adequate or complete remedy at law in the premises. The bill prayed for an injunction prohibiting the respondent, its agents and servants, from publishing and distributing its said telephone directory, and perpetually enjoining them from using the directory published by the complainant for the purpose of compiling therefrom a directory of Japanese subscribers to the telephone system of the complainant, and for such other and further relief as may be just and proper in the premises. The respondent filed a lengthy answer admitting some of the averments contained in the bill of complaint, denying others, and setting up new matter. We deem it unnecessary to recapitulate the averments contained in the answer since the question to be decided is whether the bill set forth a cause entitling the complainant to equitable relief. It does not appear from the record that the complainant replied to the new matter set up in the answer, but no point seems to have been made in the court below of the absence, if such there was, of a replication.

When the case came on for hearing, the pleadings having been read, the circuit judge raised the question

whether the complainant's bill stated a case for which relief could be given. Counsel for the respondent stated that he had intended to object to the introduction of testimony in support of the bill because there was no equity in the bill. After argument the court sustained the respondent's objection to the introduction of any testimony, whereupon the respondent moved that the bill be dismissed and the court granted the motion. A decree dismissing the bill was entered and therefrom the complainant has appealed.

The first question raised is as to the procedure, the appellant contending that as the respondent had not demurred to the bill, but had answered, it was not correct practice for the court to dismiss the bill, for want of equity in it, upon motion. Section 2477 of the Revised Laws provides that "A defense in equity shall be made by demurrer, plea or answer," and it is argued by counsel for the complainant that to permit the dismissal of a bill upon motion is to add a method of defense not contemplated by the statute. Under Rule 29 of the new federal equity rules by which demurrers and pleas are abolished, and bills may be dismissed for lack of equity upon motion, the motion to dismiss is regarded as equivalent to a general demurrer. *Destructor Co.* v. *Atlanta,* 219 Fed. 996; *Wright* v. *Barnard,* 233 Fed. 329. In some jurisdictions the practice prevails apparently without the aid of a rule. 16 Cyc. 464. In Fletcher on Equity Pleading and Practice, Sec. 574, it is said, "Motions to dismiss bills for want of equity have, in certain circumstances, been considered and allowed, but they are generally conceded to be not according to approved practice." See also *Grimes* v. *Grimes,* 143 Ill. 550, 556; *Opitz* v. *Morgan,* 67 So. (Fla.) 67. But it is held that a court may of its own motion dismiss a bill which does not state facts entitling the complainant to relief. *Fletcher, supra,* Sec. 575. In

the somewhat analogous instance of the dismissal of a bill because the right to equitable relief has not been shown, at the conclusion of the evidence for the complainant, this court has held that while the court may take such action of its own motion it is not correct practice to dismiss a bill on motion of the respondent unless he also rests his case. *Estate of Keaho,* 17 Haw. 308. We think the same practice should prevail under the circumstances involved here. In this case, though the court first suggested the point, the objection to the receiving of testimony and the motion to dismiss the bill were made by counsel for the respondent. But he did not state that the respondent would not offer evidence if the objection and motion should be overruled, nor did he admit that the facts averred in the bill, though some were denied in the answer, were true. The action of the court in dismissing the bill without requiring the respondent to admit the facts and rest its case, though erroneous, would not, however, be considered reversible error if, in fact, there was no equity in the bill. *In re Title of Pa Pelekane,* 21 Haw. 175, 178.

The appellant is a quasi-public corporation — a public utility company — and as such is required to furnish reasonably good and efficient telephone service. The gist of the complaint against the respondent, and the grounds upon which the right to relief is based, are, that (1) the company, in the performance of its duty, furnishes to its subscribers, for their convenience and information, a directory giving the names and numbers of all its subscribers, and a special directory in the Japanese language for the use of subscribers of Japanese nationality, that the company has endeavored to properly fulfil its duty in the premises, but that such duty cannot be effectively performed unless it has control of the publication and distribution of such directories to the end

that their accuracy may be verified; that (2) the directory published by the respondent is inaccurate and incomplete and causes much trouble and annoyance to the company and large numbers of its subscribers, and impairs the efficiency of the company's service; and that (3) in publishing the names of non-subscribers who may be reached by calling up certain telephone numbers the respondent causes an increase in the volume of the company's operations and at the same time deprives the company of a certain amount of revenue which it is entitled to receive. No case in point has been cited in the briefs of counsel, but the lack of precedent is not, of course, conclusive. In *Keauhulihia* v. *Puahiki*, 4 Haw. 279, 283, the court said, "The doctrine of the law is that all its rules and principles are deemed certain, although they have not as yet been recognized by public adjudications." We are of the opinion that under the theory and practice of equity jurisprudence the averments of the bill, which are taken as true, do state a case for equitable relief. Pomeroy says of the principle "Equity will not suffer a wrong without a remedy" that it is "the source of the entire equitable jurisdiction, exclusive, concurrent, and auxiliary" (1 Pom. Eq. Jur. Sec. 423), and points out that under the limitations upon the generality of the maxim equitable relief will not be awarded unless the right asserted belongs within the purview of municipal law, and not even then if both the right and the remedy belong to the domain of the common law, or if the right to an equitable remedy has been lost, destroyed or waived by the party's own act (id. Sec. 424). See also Hughes, Equity in Procedure, Sec. 27. The contention of counsel for the appellee that the remedy of the complainant, if it has one, is limited to an action or actions at law upon the contracts it has with its subscribers is not sustained. Upon the facts stated in the bill the complainant is en-

titled to relief from such interference by the respondent as impairs the efficiency of its service, annoys its subscribers, and deprives it of revenue which it would be entitled to receive from non-subscribers who desire to have their names inserted in an accurate directory. No contractual relation exists between the complainant and respondent, and the common law can furnish no relief to the complainant with respect to the respondent's interference with the complainant's business. We do not subscribe to the contention of appellee's counsel that the bill of complaint showed no right in the complainant which equity would or could protect. The respondent averred in its answer that the Japanese directory of the complainant is inaccurate and confusing, and that it, and not the respondent's directory, has caused the annoyance, inconvenience and difficulties mentioned in the bill. That would be a matter of proof. We are not to speculate upon what facts a hearing of the case would disclose, nor do we feel obliged to say at this time whether the complainant has shown by its bill that it is entitled to all the relief it prayed for.

The decree appealed from is reversed and the cause remanded for further proceedings.

*R. C. Brown* (*Frear, Prosser, Anderson & Marx* on the brief) for complainant.

*C. C. Bitting* for respondent.

### CONCURRING OPINION OF COKE, J.

I concur in the conclusion that the decree appealed from should be reversed. Under the allegations of the bill of complaint, the petitioner, if the facts alleged are proven, is entitled to relief. But I am unable to concur in the conclusion contained in the majority opinion to the effect that the loss of revenues to complainant, which

Syllabus.

it would receive from non-subscribers, and which has been occasioned by the publication of respondent's directory, affords a proper ground for equitable relief. I am not converted to the idea that the complainant enjoys an exclusive right to publish the names and numbers of its subscribers, and when it is attempted to extend this right to include the publication of the names of non-subscribers I respectfully dissent. I hold to the view that if complainant is to prevail at all in this cause it must do so, not because of the loss of the one dollar which it has been accustomed to collect from each non-subscriber whose name it has printed in its directory, but upon the broader ground that as a public utility its service to the public is being impaired by the wrongful acts of the respondent.