A. K. NAHAOLELUA, FOR HIMSELF AND ALL OTHER PERSONS INTERESTED, *v.* JOSEPH J. FERN, AS MAYOR OF THE CITY AND COUNTY OF HONOLULU, TERRITORY OF HAWAII, AND BEN HOLLINGER, W. H. McCLELLAN, LESTER PETRIE, CHARLES N. ARNOLD, EBEN LOW, M. C. PACHECO AND JONAH KUMALAE, SUPERVISORS, COMPRISING THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF HONOLULU.

No. 1225.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. T. DeBOLT, JUDGE.

SUBMITTED APRIL 13, 1920.          DECIDED APRIL 24, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

EQUITY—*dismissal of bill—practice.*

Where the bill of complaint is to be attacked for reasons extraneous of the record the correct mode of procedure is by the interposition of a proper plea and not by motion to dismiss.

SAME—*same.*

The rule obtaining in this jurisdiction is that where the bill itself is deficient the proper defense is by way of demurrer. If for

reasons appearing upon the face of the bill the suit ought not to be maintained a plea in abatement or other appropriate plea should be interposed.

OPINION OF THE COURT BY COKE, C. J.

The complainant-appellant, A. K. Nahaolelua, filed his bill in equity in the circuit court of the first judicial circuit for an injunction to restrain the respondents from ousting him from his position as keeper of public baths and parks of the City and County of Honolulu. It is alleged in the bill that complainant holds said office and that by reason of an illegal and unauthorized resolution passed by the board of supervisors of the City and County of Honolulu complainant was about to be ousted from his position. There is some attempt on the part of complainant to make it appear in his bill that the proceedings were instituted on his own behalf and on behalf of all others interested. He also attempts to sue in the dual capacity of an employee of the city and county who is about to be illegally deprived of his position and as a taxpayer of the city and county endeavoring to prevent an act which will cause the city and county to suffer irreparable injury, etc. The bill does not disclose the identity of the persons other than himself, for whom he assays to sue, nor does it contain allegations which entitle him to any relief in his capacity as a taxpayer of the city and county. If he may maintain his bill at all under the allegations thereof he must do so in his own behalf and under the allegation that he is about to be illegally deprived of his position. A temporary injunction was granted by the circuit judge.

The respondents, without filing any demurrer, plea or answer, interposed a motion to dismiss the bill and dissolve the temporary injunction on the ground that the complainant subsequently to the filing of the bill of com-

plaint had been legally discharged from his position and had voluntarily yielded the same up and turned over the keys and property belonging to the city and county to his superior officer, for which reasons the questions involved became moot. This motion is sustained by an affidavit of F. C. Benevedes, superintendent of parks and playgrounds of the City and County of Honolulu. No counter-affidavit was submitted and the circuit judge dismissed the bill and dissolved the injunction. From this order or decree Nahaolelua has perfected an appeal.

It is contended by complainant that if the questions involved have become moot the respondents should have interposed a plea in abatement which would have afforded complainant the opportunity to meet the issue thus raised. This constitutes the sole question in the case which merits discussion.

Section 2477 R. L. 1915 provides that "A defense in equity shall be made by demurrer, plea or answer." Of course under certain circumstances a bill in equity may be dismissed for cause appearing in the record upon the motion of respondent—where, for instance, the complainant during a long period of time has taken no steps towards the prosecution of the suit. This inaction amounting to an abandonment of the litigation the suit may be dismissed on motion of the respondent. The court will dismiss a suit *sua sponte* where the bill is manifestly without equity or where the complainant seeks to enforce a contract which is illegal, immoral or contrary to public policy, and as held in *Estate of Keaho,* 17 Haw. 308, if at the conclusion of the evidence of complainant and respondent also rests the bill may be dismissed on motion of respondent if complainant has failed to sustain his right to equitable relief. But where the bill is to be attacked for reasons extraneous of the record the correct mode of procedure is by the interposition of a proper

plea. "It is irregular to dismiss a bill in equity on motion for want of jurisdiction upon grounds required to be supported by proofs, except it be accompanied by way of what may be treated as a final hearing upon the pleadings and the facts brought in by stipulation" (*Attorney General* v. *Supervisors,* 33 Mich. 289). "The court will not dismiss the bill of complaint without going into a plenary hearing unless it appears very clearly on the face of the proceedings that the complainant has no ground of complaint or that the court cannot grant the relief prayed" (*Stebben* v. *Trezevant,* 3 Desaus. (S. C.) 213). "The court will not upon an ordinary notice of motion to dismiss anticipate the regular trial of a cause by examining the pleadings and proofs to determine whether the court has jurisdiction of the action or whether the complainant is entitled to the relief sought" (*Fuller* v. *Met. Life Ins. Co.,* 31 Fed. 696). "An objection to the jurisdiction of the court for any cause not apparent on the face of the bill must be taken by special plea" (*Desert King Min. Co.* v. *Wedekind,* 110 Fed. 877). Fletcher Eq. Pl. & Pr. Sec. 574 is authority for the assertion that motions to dismiss bills for want of equity have under certain circumstances been considered and allowed but they are generally conceded not to be according to approved practice.

Applying these principles and the provisions of section 2477 R. L. 1915 to the case at bar we hold the rule obtaining in this jurisdiction to be that where the bill itself is deficient the proper defense is by way of demurrer. But if for reasons not appearing on the face of the bill the suit ought not to be maintained a plea in abatement or other appropriate plea should be interposed. If as indicated by the motion and affidavit filed herein the complainant was legally ousted from his position or voluntarily surrendered the same after the suit was insti-

tuted and these facts are disclosed by a proper plea the cause will abate because the questions involved have become moot.  *Farmers State Bank* v. *Thompson,* 261 Fed. 166.

The decree appealed from is reversed.

*Andrews, Pittman & O'Brien* and *E. J. Botts* for complainant.

*W. H. Heen,* City and County Attorney, and *R. A. Vitousek,* First Deputy City and County Attorney, for respondents.