Judge Owslev
delivered the opinion of the court.
The proceedings in this case being had upon the motion of the defendant in error, for the purpose of recovering against the plaintiff in error, as sheriff, the amount of an execution and damages, fbr failing to return the same, it was clearly necessary that ten days notice of the time of making the motion, should have been previously given; and it is equally clear, that before the court could regularly proceed to a trial of the motion, evidence of its having been served upon Grayble ought to have been required; but whether the ex-parie affidavit taken before a justice of the peace was admissible evidence to prove the service, is the only question thought material; to a decision in this court.
The taking such an affidavit certainly forms no part °f the official duty of justices; and as by the admission of it,the other party would be deprived of the priviledge of controverting its verity, by a cross examination of the person maiung it; we are of opinion it cannot, upon any pnnci-pie or rule of evidence, be legitimate evidence.
Because, therefore, the court below received such an affidavit as evidence of the service of notice upon Grayble, the judgment must be reversed with cost; but as the cause must he remanded for further proceedings, it may be proper to remark, that as Grayble appears now to have sufficient notice, no other evidence of the service should be required; and that as the proceedings are had against thepresent plaintiff for a supposed default, not in himself, but a person not admitted in the former trial tobe his deputy, it would be proper for that court to admit the parol evidence they rejected, tending to shew that the person alledged to be deputy, acted in that capacity for the plaintiff.
The cause must be remanded, and further proceedings bad not inconsistent with this opinion.