## GRAY v. RAGAN.

*Appeal from Clinton District Court — Monday, April 22.*

ACTION to recover the possession of certain fractional-lots in the city of Clinton. The cause was referred, and, upon a report finding the facts and the law adversely to plaintiff, judgment was rendered for defendant. Plaintiff appeals.

· *D. Gray* for the appellant — *W. I. Hayes* for the appellee.

BECK, Ch. J. The referee found, and so reported, the facts to be as follows : 1. The land in controversy is the parts of lots upon which a public road had been established and used by the public, and is bounded by the center line of the road on the one hand, and the limit of the road on the other, thus being a part of the original roadway. 2. Proceedings were instituted before the proper county court for the vacation of the road and to re-establish it on another line, or in other words, for the re-location of the road. The new road was established accordingly. 3. The defendant fenced and occupied the land in dispute for several years, and claimed title thereto under a deed from another party. 4. Plaintiff established a regular chain of title to the land by successive conveyances from Francis Wier. 5. The referee found, as a conclusion of law, that plaintiff failed to establish title in herself, as she did not show that her title, which she traced from Wier, did have its source in the United States government. We are of the opinion that the finding of facts and law by the referee is erroneous. Plaintiff in her petition, in our opinion, sufficiently avers that she claims title under Wier, and that he entered the land and thus derived and held title from the United States. While there may be some questions raised as to the proper construction to be put upon the language of the petition, we are of the opinion that it is sufficiently averred that Wier's title was derived from the United States. This averment, we think, is not denied in the answer of defendant. It was not necessary, therefore, for plaintiff to establish by evidence the fact that Wier entered the land. That fact the referee should have taken as admitted by the pleadings.

No question arises in regard to plaintiff's rights as affected by the road shown to have been established and used upon the lots in dispute. Whether the road has or has not been vacated, is of no importance in the determination of this case. Defendant is in possession of the land; plaintiff shows title thereto, which cannot be defeated by proof that there is or has been a road occupying the land in suit. As against plaintiff, defendant has shown no right to hold the land, and

under the pleadings and evidence plaintiff established her title thereto. The district court erred in sustaining the report of the referee.

Reversed.