Gray v. Regan.

*3. —— appointment of stranger.*

---

## Gray v. Regan.

1. **Practice**: TRIAL TO REFEREE: PROCEEDINGS AFTER REVERSAL. Where a judgment is reversed in this court on the ground that the report of the referee upon which it was rendered is in conflict with the law and the facts, and the case remanded, it must be re-tried in the *court below*; and judgment there cannot be entered for the successful party, in the appeal upon the *procedendo*, and without a trial.

2. —— Where the referee holds that the plaintiff failed to establish certain material facts alleged in the petition, and so reported, and the court thereon rendered judgment for defendant, and upon appeal the finding of the referee was held erroneous on the ground that such facts were not denied in the answer, and the judgment was for that reason reversed, upon the case being remanded to the court below, judgment cannot be entered for defendant without a new trial.

3. —— AMENDMENT. After a cause involving the facts above stated is remanded to, and re-docketed in the court below, the defendant ought to be permitted to file an amended answer denying the fact alleged in the petition, which the court held was not denied, and a refusal to allow such an amendment is erroneous.

*Appeal from Clinton District Court.*

TUESDAY, DECEMBER 16.

ACTION at law to recover the possession of certain lots in Gray's addition to the city of Clinton. There was a judgment for plaintiff. Defendant appeals. The further facts of the case involved in the points ruled appear in the opinion.

*Hayes & Young* for the appellant.

*Daniel Gray* for the appellee.

BECK, Ch. J. —·A judgment had been rendered in this case upon the report of a referee in favor of defendant. The referee found and so reported that plaintiff failed to establish title in herself, as it was not shown before him that one Weir, to whom she traced title, held by conveyances from the government. The cause was appealed to this court, and we held that plaintiff's petition, by proper construction, averred that Weir derived title from the United States, and that the allegation to that effect was not denied by defendant's answer. Upon these grounds the judgment was reversed. 34 Iowa, 587. The cause was remanded to the district court upon procedendo and again docketed there, whereupon defendant filed an amended answer, denying every allegation of plaintiff's petition, and setting up some special matter not necessary to be stated. Upon plaintiff's motion, the amended answer of defendant was stricken from the files and, without trial or further proceedings, judgment was rendered for plaintiff. It is not shown that the pleading was stricken for any defect therein or irregularity in its filing. The action of the court seems to have been founded on the thought that a new trial was not permissible

in the case, and that there could be no further pleadings or proceedings therein.

This action and ruling are the only matters before us for review.

I. It will be observed that the first judgment was rendered upon the report of a referee, which the district court sustained as authorized by the facts and the law. This court held the report in conflict with the law and the fact, and for that reason reversed the judgment. The reversal did not, of course, terminate the case, but it was remanded upon procedendo, for proceedings not inconsistent with the judgment of this court. Upon being re-docketed it was before the court upon a report of a referee, which this court declared was not supported by the law and the facts. It was the duty of the district court to regard the case precisely as though, upon filing the report, it had been set aside upon an order then made, for the objections thereto sustained by this court. Upon that state of facts there was a case pending wherein no proceeding had been taken authorizing judgment. But before a judgment can be rendered where an issue is made by the pleadings, such proceedings must be had either by trial before a jury, a referee, or the court. The duty of the court, it is plain, was to permit such a trial.

1. PRACTICE.

II. When a judgment is reversed here upon an appeal, this court will not render judgment for the party who was unsuccessful in the court below, unless the facts are settled by the special verdict of a jury or by the findings of the court below, or of a referee. In that case such a judgment may be rendered here as the court below ought to have rendered upon such finding of facts. If the case be remanded the court below would have no greater authority, and could not render judgment unless the facts involved be settled in a like manner — as they should be settled to authorize judgment in any case in that court. Now, in this case, there was no such finding of facts by the referee as to the title of the plaintiff which authorized this court or the district

court to render a judgment for her. The referee found that defendant had not established title in Weir, which, under the pleadings, she was entitled to prove. The findings on this point involved a question of law, namely, the construction of the pleadings, which this court held was erroneously decided by the referee and the district court. It is very plain that facts were not found in the district court which entitle plaintiff to judgment.

III. We do not think defendant's right to file an amended answer can be doubted under the circumstances of the case after the re-docketing in the district court. He could well insist that as the referee, and the court rendering the judgment in his favor had held his answer sufficient to authorize that judgment; he should be permitted to make it conform to his intentions when it was filed. A refusal to permit such an amendment is an abuse of the discretion of the court. The court at any time in the furtherance of justice will permit parties to amend their pleadings, and it has been permitted after a cause was remanded from this court for further proceedings. *Jones* v. *Clark*, 31 Iowa, 497.

2. —— amendment.

These views lead us to the conclusion that the district court erred in rendering the judgment appealed from; it is therefore reversed, and the cause is remanded, with directions that defendant's amended answer be permitted to stand, and for further proceedings in harmony with this opinion.

Reversed.