## TERRITORY OF HAWAII *v.* WILLIAM McCANDLESS.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED MAY 2, 1905.                    DECIDED MAY 9, 1905.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

OBSTRUCTION OF HIGHWAY—*proof.*

> The trial judge dismissed the plaintiff's bill to restrain the respondent from obstructing a highway by a fence cutting off a portion of the highway, regarding the evidence as not justifying him in saying that the fence was in the highway. Held: The burden being upon the complainant to prove that the enclosed space was part of the road, the decree dismissing the bill cannot be reversed without taking a different view of the accuracy of the plaintiff's testimony than was taken by the judge who heard it. The decree is affirmed, but without prejudice.

ID.—*practice.*

> Dismissing a bill on close of plaintiff's case before defendant presents or rests his case is not correct practice in equity.

### OPINION OF THE COURT BY HARTWELL, J.

This was a bill in equity to restrain the respondent from obstructing a highway in Honolulu from King street to the rice mill of Y. Ah Hin by a fence cutting off a portion of the highway "150 feet in length and varying in width from ten feet to fifteen feet." The judge in dismissing the bill said: "The evidence shows in this matter that there has been some sort of way for a great many years, perhaps since about 1865 or 1866, but it does not very clearly show the location of the road, nor the width, except as to the use of it." After remarking that the width of the Achi lane "which is that portion of the road lead-

ing into the road in question" was substantially the same as the road in question, and that the plan in evidence showed that between the actual roadway and a ditch there was a strip in some places two or three feet wide, in one or two places four feet and in one place five feet, he thought it would be perfectly reasonable to regard the ditch as the margin of the road, and that the fact that it was not in very good condition would not necessarily lead to the conclusion that it was no part of the highway. He observed that the strip if added to what is actually used as a roadway would make a road "as wide or wider than the portion of the road in the Achi lane," a witness for the plaintiff stating that "it was practically the same." Therefore he declared that the evidence did not justify him in saying that the fence was in the highway, reaching his conclusion after personal inspection of the premises.

The plaintiff's brief claims that "evidence showed that for many years the way had been traveled and accommodated two or three hundred people; that it was used for carriages and foot," that before 1888, although it had not been worked, it extended ten to fifteen feet from the present fence to the old posts and was twenty-five to thirty feet wide. In 1885 Achi and others widened the road below with respondent's consent, raising it about three feet and grading it about twenty feet wide. Ah Hin graded the road six or seven times and in 1890 respondent joined in his petition to the legislature to reimburse him for that work. About that time the railroad laid a track, partly on the graded portion and partly beyond, and for a short time occupied it. After the tracks were removed the road was traveled its full width up to the posts, although the evidence varies as to where most of the travel was. In 1904 the respondent built this fence, enclosing a large portion of the traveled portion of the road, leaving a road space from seventeen to twelve feet wide. Two teams could pass before the fence was built, but cannot now pass at all places.

It is the contention of the plaintiff that the above statement of facts is supported by undisputed testimony, and that as the

judge dismissed the bill before the defendant presented his case the plaintiff's evidence should be taken as true, as in case of a demurrer. We cannot take this view of the evidence or of the practice. Evidently the trial judge did not take the plaintiff's evidence as either accurate or true. It was perhaps unfortunate that he permitted the defendant to withhold presenting his case until learning whether his motion to dismiss the bill would be granted. However that may be in law, the practice is unknown in equity. The plaintiff having in the opinion of the judge who heard the case failed to sustain the burden of proving that all or any defined portion of the enclosed space was part of the road, and the bill having therefore been dismissed, we cannot reverse that decree without taking a different view of the accuracy of the plaintiff's testimony than was taken by the judge who heard it. He and not this court has seen and heard the witnesses, observed their order of intelligence, bearing, manner of answering, whether evasively or effusively, and all those signs by which an observant listener accustomed to hearing and weighing evidence discerns truth from falsehood, accuracy from exaggeration.

We do not feel at liberty upon the showing now made to set aside the decree appealed from, which is accordingly affirmed, but without prejudice to the plaintiff's right to bring such further proceedings as shall be advised.

*Castle & Withington* for complainant.

*J. A. Magoon* and *J. Lightfoot* for respondent.