# V. O. TEXEIRA, A. J. LOPEZ, J. G. PERREGIL, VICTORINO CARREIRA AND MANUEL SOUZA *v.* THE AMERICAN DRY GOODS ASSOCIATION, LTD., A CORPORATION; L. B. KERR & CO., LTD., A CORPORATION, AND L. B. KERR.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED APRIL 10, 11, 1905.     DECIDED OCTOBER 12, 1905.

FREAR, C.J., WILDER, J., AND CIRCUIT JUDGE LINDSAY IN PLACE OF HARTWELL, J.

EQUITY—*practice.*

> Dismissing a bill on close of plaintiff's case before defendant presents or rests his case is not correct practice in equity.

ACCOUNTING.

> A decree dismissing a bill for an accounting brought by minority stockholders of a corporation on the theory of a conspiracy to wreck the same is affirmed on the evidence.

### OPINION OF THE COURT BY WILDER, J.

This is an appeal from a decree dismissing a bill for an accounting. The suit is instituted by the minority stockholders of the American Dry Goods Association, Ltd., a domestic corporation, against that corporation and L. B. Kerr & Co., Ltd., another and much larger domestic corporation, and L. B. Kerr. The bill is very lengthy, covering some thirty typewritten pages, and contains much that is immaterial. The suit is brought upon the theory that the respondents L. B. Kerr & Co., Ltd., and L. B. Kerr "combined, confederated and conspired together" to acquire the assets, business and good will of the

American Dry Goods Association, Ltd., thus "breaking down the competition" of the American Dry Goods Association, Ltd., with the house of L. B. Kerr & Co., Ltd., and rendering the paid up stock of the complainants of no value and substantially confiscating and converting the same to the use of L. B. Kerr & Co., Ltd., and eliminating the American Dry Goods Association, Ltd., as a competitor with L. B. Kerr & Co., Ltd. The bill alleges that the American Dry Goods Association, Ltd., was formed by Portuguese and that its original stockholders "were all Portuguese, most of them unfamiliar with the English language and none of them familiar with the technicalities of business, especially by corporations;" that it was intended by them in establishing the corporation as far as possible to have the shares of the corporation held by persons of this nationality, and in this way it was believed by them that with the small capital invested, by economy and diligence, the business could be greatly improved and increased so that a good profit upon the amount invested could be realized and distributed among the stockholders; that respondents L. B. Kerr and L. B. Kerr & Co., Ltd., in the prosecution of an alleged conspiracy through officers and employees elected and appointed by them treated and held the property of the American Dry Goods Association, Ltd., and managed and administered its affairs and business "purely as an instrumentality or machinery used by L. B. Kerr & Co., Ltd., to carry out, effectuate and consummate the scheme, design," etc., by the extinction of the competition between the two corporations and the conversion and appropriation of the property, assets and business of the American Dry Goods Association, Ltd., the suspension and destruction of its corporate business and the obliteration of all value from the paid up shares of complainants; that there was illegality in the calling of corporate meetings and election of officers, the illegal passage of by-laws, the failure to properly keep and audit the corporation books, incorrect entries in the minutes of the corporation, and that all the proceedings at such meetings were controlled

and directed by L. B. Kerr & Co., Ltd., aided and abetted by L. B. Kerr, in pursuance of the alleged conspiracy; that there was a consummation of the conspiracy by the conversion and confiscation by L. B. Kerr & Co., Ltd., of the entire property, assets and good will of the American Dry Goods Association, Ltd., and prays for an accounting and a decree awarding complainants $3,900 (the par value of their shares), or what may be found due them.

After the complainants rested the respondents, without submitting their case, but expressly reserving the right to introduce evidence, moved that the bill be dismissed on the ground that its allegations were not proved, which motion was granted. The proper practice in equity is, that the respondent should be required to rest before his motion to dismiss the bill is entertained. See *Territory v. McCandless,* 16 Haw. 728. But, in view of the conclusion reached, the decree cannot be reversed for that reason.

It appears from the evidence that the American Dry Goods Association, Ltd., was incorporated sometime in June, 1900, with a capital stock of $9,100, to carry on a general dry goods business. With this $9,100 it acquired the stock of merchandise and business of the Hawaiian Dry Goods Association, formerly conducted on Fort street, between Hotel and King streets, and continued the business at the same place. The incorporators, desiring to restrict the holders of stock to Portuguese, refused to let Mr. Kerr or any one not a Portuguese into the new concern. After this new corporation had been doing business for about a month, Kerr & Co., Ltd., acting through Mr. Kerr, acquired forty-seven shares of the capital stock of the American Dry Goods Association, Ltd., which was a little over a majority, thirty of the shares being paid for at par and seventeen at ten per cent. above par, five additional shares being purchased later by Kerr & Co., Ltd. From that time, that is, July, 1900, until sometime in the early part of 1903, the corporation was run by L. B. Kerr & Co., Ltd. A new board of directors was elected, consisting entirely of employees of L. B. Kerr & Co.,

Ltd., the minority stockholders not having a representative, meetings were held at various times, some of which were not called as provided by the by-laws, the proceedings were all had in the English language although formerly in the Portuguese language, and possibly some of the minutes of the meetings were incorrectly kept. The officers who ran the American Dry Goods Association, Ltd., from July, 1900, up to the time of its ceasing to do business were employed at the same time by L. B. Kerr & Co., Ltd. The corporation failed to make any profit during the time of L. B. Kerr & Co.'s management. Finally at a meeting held January 26, 1903, it was decided to move the balance of the stock to the store of L. B. Kerr & Co., Ltd., at the corner of Fort and Queen streets, in order to dispose of it at that place. This was done and the proceeds were used in paying the bills of the American Dry Goods Association, Ltd., there still being an indebtedness due L. B. Kerr & Co., Ltd. Since then the American Dry Goods Association, Ltd., has existed only in name.

But the evidence does not show or tend to show the alleged conspiracy to wreck the American Dry Goods Association, Ltd., thereby eliminating it as a competitor, which constitutes the ground upon which complainants have sought relief. The evidence, if anything, tends to show the contrary. Kerr & Co., Ltd., lost more in doing what it did than it would have if it had originally purchased, as it had an opportunity to do, all of the shares of the American Dry Goods Association, Ltd., and immediately closed up the latter concern. There was no evidence of any undue advantage or any unconscionable bargains between the American Dry Goods Association, Ltd., on the one hand, and Kerr & Co., Ltd., on the other hand, after the latter concern had acquired control of the former. Quite a large amount of merchandise was sold by Kerr & Co., Ltd., to the American Dry Goods Association, Ltd., during the time complained of, but it does not appear that there was anything unfair in this.

It is also objected by complainants that Kerr & Co., Ltd., did not have the right, legally, to acquire shares of stock in

another corporation, but this claim is without merit at this time.

After a careful consideration of all the evidence, we are of the opinion that the decree of the circuit judge must be sustained.

The decree appealed from is affirmed.

*H. E. Highton* and *E. C. Peters* for complainants.

*Kinney, McClanahan & Cooper* and *S. H. Derby* for respondents.