*A. A. Wilder* (*Thompson, Wilder, Watson & Lymer* on the brief) for defendants.

---

MAURICE R. CAREY *v.* HAWAIIAN LUMBER MILLS, LIMITED, A CORPORATION, AND I. YAMAMOTO, T. KOMATSU, T. MITO, Y. YAMAMOTO, T. KAJITA, N. TAKEI, M. MURAKAMI, K. TASHIRO, A. MURAWAKA, T. MITAMURA AND K. NARITA.

.APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 18, 1913.          DECIDED MARCH 28, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

APPEAL AND ERROR—*second appeal—record.*

A previous appeal having been taken in the same cause, it is not necessary on a second appeal to duplicate the copy of the record of the lower court already on file in this court, which copy, together with a copy from the lower court of so much of the proceedings as have taken place since the cause was remanded on the first appeal, make a complete record.

EQUITY—*practice—cause remanded for further proceedings.*

The complainant, a judgment creditor of a corporation, having filed his bill to reach unpaid subscriptions to the capital stock of the corporation in satisfaction of his judgment, execution having been returned *nulla bona*, and the trial judge declining to admit the judgment in evidence, the complainant rests and the respondents also rest without putting on any evidence, whereupon a decree is entered dismissing the bill. The complainant appeals and the decree is reversed and the cause remanded with instructions to the trial judge "to receive the judgment in evidence and for such

Carey v. Hawaiian Lumber Mills Co., Ltd., 21 Haw. 506.

further proceedings as may be proper," which instruction, in effect, is a direction to the trial judge to resume the hearing at the point where the judgment was offered in evidence and, not only to receive the judgment in evidence, but to proceed according as law and justice might require, the case being reopened for the respondents as well as for the complainant.

EVIDENCE—*presumptions as to continuity.*

It is a rule of evidence that where the existence of a fact, condition, or state of things is once established, the law presumes that such fact, condition or state of things, continues to exist as before, until the contrary is shown, or a different presumption is raised. Thus, the original corporators and stockholders of a corporation are presumed to continue the same as when the corporation was organized, and such presumption will so continue until the contrary is shown, or a different presumption is raised.

OPINION OF THE COURT BY DE BOLT, J.

The complainant, Maurice R. Carey, a judgment creditor of the corporation respondent, filed his bill in equity to reach the unpaid subscriptions to the capital stock of the corporation in satisfaction of his judgment against the corporation, execution thereon having been returned *nulla bona.*

This is the second appeal in this case. The first appeal was by the complainant; the present appeal is by the respondents. At the first hearing in this case the circuit judge declined to admit the judgment above referred to in evidence, and the complainant adduced no other evidence, except the articles of incorporation showing the corporate existence of the respondent, the Hawaiian Lumber Mills, Limited, as well as the number and par value of the shares of the capital stock, the names of the subscribers for such shares, the number of shares subscribed for, and the amount paid in on each share, and the respondents having rested without putting on any evidence, a decree was entered dismissing the bill. The complainant appealed and the decree was reversed and the cause remanded to the circuit judge with instructions "to receive the judgment in evidence and for such further proceedings as may be proper." Ante 311, 313.

Thus, pursuant to the mandate of this court and upon motion by the complainant, the cause was again set for further hearing before the circuit judge, whereupon the complainant offered and the court admitted in evidence the judgment referred to and he thereupon rested and moved for a decree, contending that the respondents were not entitled to offer any evidence in defense, they having rested at the former hearing, thereby waiving, as he contends, their right to adduce any evidence or to make any further defense. The circuit judge accepted this view of the case, refused to permit the respondents to adduce any evidence in defense and entered a decree for the complainant, from which decree the respondents have appealed.

Counsel for the complainant in their brief, preliminary to the consideration of the appeal on its merits, claim that the respondents have failed to bring to this court a copy of the record and urge that the appeal will have to be dismissed. They have not, however, filed a motion to dismiss, but we have examined the question thus suggested in the brief and find the record complete. The record now before us and upon which the present appeal is prosecuted consists of a certified transcript of all the pleadings and papers filed and proceedings had in the lower court and used in the former appeal, together with a certified transcript from the lower court of so much of the proceedings as have taken place since the cause was remanded. The record thus viewed is not only complete, but fulfills the jurisdictional requirements. The appeals were merely successive steps to a final conclusion in the same case. To have inserted in the record in the present appeal a duplication of the matter which preceded the remanding of the cause and which was used on the former appeal would have been not only unnecessary, but a useless expense and wholly improper. *Cox* v. *Osburn,* 8 Ky. 191; *Nashua & Lowell R'. Corp.* v. *Boston & Lowell R. Corp.,* 61 Fed. 237, 242; *Succession of Bothick,* 34 So. 163, 164; *Warren* v. *Fredericks,* 18 S. W. 750; *Harrison* v. *Creditors,* 9 So. 15, 16.

Carey v. Hawaiian Lumber Mills Co., Ltd., 21 Haw. 506.

The complainant, in support of his contention that the respondents by resting waived their right to put on any evidence, or to make any further defense, cites *Territory* v. *McCandless,* 16 Haw. 728; *Texeira* v. *Amer. D. G. Association,* 17 Haw. 41, and *Estate of Keaho,* 17 Haw. 308. In each of those cases the court merely held that dismissing a bill at the close of the complainant's case before the respondent presents or rests his case was not correct practice in equity. The cases are clearly distinguishable from the case at bar. Assuming, however, that where, as in each of the cases cited by counsel, after the court has afforded the complainant full and ample opportunity to present his case on its merits, the respondent by resting waives his right to put in any evidence, or to make any further defense, it does not follow, however, that a respondent waives that right by resting his case under circumstances such as are disclosed by the record before us.

It is apparent that at no time, either in the court below or in this court, has the case at bar been considered upon its merits. Upon the first appeal the only question submitted for consideration was, whether the judgment should be admitted in evidence or not. Having determined that question in the affirmative the cause was accordingly remanded with instructions "to receive the judgment in evidence" and for "such further proceedings as may be proper." Both upon authority and reason it is clear that the reversal of the decree left the case in the same posture as if no decree had been entered. The remanding of the case under the circumstances disclosed by the record was not, however, equivalent to the granting of a new trial, or a rehearing, but merely a continuation of a trial already begun. The circuit judge, in effect, was directed to resume the hearing at the point where the judgment was offered in evidence and to proceed with the trial according as law and justice might require, and to receive any competent and material evidence offered by either party to the end that a just and proper decree be entered disposing of the case upon its merits.

This view necessarily and properly contemplated the reopening of the case for the respondents as well as for the complainant, thus permitting them to proceed as if there had been no appeal, and as they might be advised. *Hawkins* v. *Cleveland C. Co. & St. L. Ry. Co.,* 99 Fed. 322, 324; *District of Columbia* v. *McBlair,* 124 U. S. 320, 330; 3 Cyc. 486; 1 Beach Mod. Eq. Pr. §549.

As a general rule, in equity, where a cause is remanded in general terms, and no specific instructions are given, the matter is left more or less to the sound judicial discretion of the trial judge; but this general rule, in a case like the one at bar, will not permit a remand "for such further proceedings as may be proper," to be wholly disregarded. *Gray* v. *Regan,* 37 Ia. 688; *Kershman* v. *Swehla,* 62 Ia. 654. "It is not uncommon for courts to allow a party, either plaintiff or defendant, to withdraw a rest and proceed with further evidence." *Hoagland* v. *Stewart,* 98 N W. 428, 429.

The respondents further contend that they are not only entitled to the reversal of the decree but also to a direction that the bill be dismissed for failure of proof. While we agree with the respondents that the decree will have to be reversed we cannot accept their view that the bill should be dismissed. Upon proof of the corporate existence of the Hawaiian Lumber Mills, Limited, and of the names of the stockholders, the number of shares subscribed for by each, the amount due and unpaid on each share, together with the judgment and execution issued thereon and returned unsatisfied, the complainant made out a *prima facie* case against the respondents. While the respondents admit that the articles of incorporation may be evidence of the identity of the original corporators, officials and stockholders at the time of the incorpration, they contend, however, that the book required to be kept by section 2548, R. L., "for registering the names of all persons who are or shall become stockholders of the corporation and showing the number of shares of stock held by them respectively, and the time when they re-

spectively became the owners of such shares," constitutes the only *prima facie* evidence of ownership of the shares of stock.

It is a rule of evidence that where the existence of a fact, condition or state of things is once established, the law presumes that such fact, condition, or state of things, continues to exist as before, until the contrary is shown, or a different presumption is raised. 1 Greenl. Ev., §41; 1 Wig. Ev., §437. Thus, the trial judge may assume that the original corporators and stockholders of the corporation respondent are the same now as when the corporation was organized, and such presumption will continue until the contrary is shown, or a different presumption is raised. 10 Cyc. 249, 517; *McHose* v. *Wheeler,* 45 Pa. 32, 40; *Turnbull* v. *Payson,* 5 *Otto* (95 U. S.) 418, 421; 26 Am. & Eng. Ency. Law (2d ed) 1034. This presumption, of course, may be met by proof of the matters required to be kept in the book provided for in section 2548, R. L., above referred to, or by other competent evidence.

The decree therefore is reversed and the cause remanded to the circuit judge with instructions to receive any competent and material evidence the respondents may offer in defense or that the complainant may offer in support of his claim or in rebuttal and for such further proceedings as may be proper.

*Thompson, Wilder, Watson & Lymer* for complainant.

*E. C. Peters* for K. Narita and four other respondents.