## YOUNG TIN YAU *v.* CHING SING WO, ALSO KNOWN AS C. S. WO.

No. 2492.

ARGUED JANUARY 24, 1944.      DECIDED MARCH 22, 1944.

PETERS, J., CIRCUIT JUDGE RICE IN PLACE OF KEMP, C. J., DISQUALIFIED, AND CIRCUIT JUDGE CASSIDY IN PLACE OF LE BARON, J., DISQUALIFIED.

OPINION OF THE COURT BY PETERS, J.

This is a bill in equity for dissolution of a copartnership and an accounting.

It appears from the petition that the alleged copartnership was formed in April, 1912, by Ching Sing Nam and his brother, Ching Sing Wo, under the name of C. S. Wo & Brother; that the property of the copartnership included personal property and estates in real property; and that the petitioner's interest in the subject matter in suit is that of a purchaser at an execution sale of all Nam's interest in the copartnership property and as assignee by direct assignment of such interest from Nam.

By his answer the respondent denied the existence of the copartnership as alleged and any interest in petitioner as a purchaser at an execution sale or as assignee.

Trial proceeded before the circuit judge upon the single issue of the existence of a copartnership as alleged.

At the conclusion of the petitioner's case the respondent moved for the dismissal of the suit upon the grounds, first, that petitioner had shown no interest in the subject matter of the suit, and second, that the petitioner did not come into equity with clean hands. The first ground of the motion had been raised by the pleadings; the second not. Instead of ruling immediately the circuit judge took

the motion under advisement and ordered the trial to proceed.

Early in the progress of respondent's case the motion to dismiss was, without objection by petitioner, enlarged by the additional ground of variance. No grounds of variance were specified nor does the record disclose the variance urged before the circuit judge. In the absence of any showing that the objection of variance urged here by appellee was properly preserved before the trial judge, we must refuse to consider the objection.[1]

Both sides having rested, the court recurred to the motion to dismiss as amended and it was granted as of the close of petitioner's case.

Decree was entered accordingly.

In addition to the appropriate specifications of error challenging the dismissal of the bill, appellant assigns as error the exclusion of certain evidence offered by him. Due to our conclusions, we deem the consideration of this specification of error unnecessary.

The first two grounds of the motion to dismiss will be considered in their order.

1. Whether or not petitioner, as a purchaser upon execution sale of Nam's alleged interest in the alleged copartnership property, acquired any interest therein need not be decided. If he acquired any title thereby, under Nam's evidence and the admissions of counsel for petitioner, he took subject to all outstanding equities against his execution debtor. Petitioner also claims title as an assignee of Nam by direct written assignment on January 10, 1940, from Nam to him. No defect in the assignment has been called to our attention, and if a copartnership existed at that time as alleged and Nam as a copartner thereof was seized or possessed of an interest in the prop-

---

1 3 C. J., Appeal and Error § 639, p. 746; § 720, p. 801.

erty of the copartnership, his interest, in the absence of any inhibition to the contrary, was assignable, and his assignor's interest in the property of the copartnership vested in the assignee subject to all equities of the surviving copartner against his assignor. Where the rights of an assignee are properly cognizable in equity, a petition to enforce such rights should be brought in the name of the assignee.[2] Nor do the admissions of the assignor, or the concessions of counsel that the assignee has no interest in the outcome of the case but that the assignor is the real party in interest, alter the status of the assignee as a necessary party petitioner. Where, as here, the property of the alleged copartnership includes equitable interests in real property, the assignee is a necessary party petitioner. While the assignment terminated the copartnership, if any theretofore existed, petitioner as Nam's assignee had sufficient interest in the subject matter of the suit to entitle him to an accounting against the surviving copartner,[3] subject to the qualification that in such action the surviving partner was entitled as against the assignee to all equities existing against his assignor.[4] So that if the court in equity in its discretion might refuse to entertain a bill for an accounting at the instance of petitioner's assignor upon the ground that he came into equity with unclean hands, the court in equity may similarly exercise its discretion as against his assignee and refuse relief upon the same cause of action.

Whether or not the petitioner's assignor also should have been made a party petitioner has not been raised and

[2] *Plowman & McLean* v. *Riddle, use, &c.,* 14 Ala. 169; *Egbert C. Sammis* v. *James S. Wightman,* 31 Fla. 45, 12 So. 536; *Gleason* v. *Gage,* 7 Paige 121 (N. Y.).

[3] *Jones* v. *Way,* 78 Kan. 535, 97 Pac. 437; 47 C. J., Partnership § 842, p. 1159; *Mathewson* v. *Clarke,* 47 How. 121, 141 (U. S.); *Lucas* v. *Lucas,* 20 Haw. 433; 20 R. C. L. § 216, p. 983; 18 L. R. A. (N. S.) 1180.

[4] 5 C. J., Assignments § 150, p. 963.

hence the applicability, if any, of the provisions of Revised Laws of Hawaii 1935, section 4045, is not discussed.

2. Nam, while a witness on his own behalf in his case in chief and before he rested, admitted that in the year 1931 he released in writing, without consideration, all his interest in the copartnership property of C. S. Wo & Brother to his copartner Wo, but that the release was a "camouflage," he, by secret oral agreement with his brother, retaining his interest in the copartnership notwithstanding. The release itself was not produced. Nam referred to it as a "release" to his brother Wo of all his interest in the copartnership doing business under the name of C. S. Wo & Brother. He apparently used the term "release" advisedly and so construed it. He thereafter consistently denied that he owned any interest in the alleged copartnership even to the extent of testifying under oath, upon his examination as a judgment debtor in the Honolulu district court, that he had no interest in the copartnership.

Moreover, Nam's explanation of the facts and circumstances surrounding the execution of this release admits of only one conclusion and that is, that the release was executed by him without consideration and for the purpose of hindering, delaying and defrauding his existing creditors. Appellant urges that said release was an assignment for the benefit of Nam's existing creditors and its execution was motivated by the desire to protect and not to defraud them. But while the trial judge disposed of the motion summarily and gave no reasons for its disposition, his granting of the motion to dismiss was tantamount to an acceptance of the admissions of Nam that he had released all the interest which he claimed he theretofore had in the copartnership and that he had executed such release without consideration and for the purpose of hindering, delaying and defrauding his existing creditors.

The trial judge could have done no less upon Nam's own evidence.

The respondent Wo, upon his case in chief, denied the existence of the copartnership as alleged and denied that Nam had ever executed to him a release of his interest in the copartnership; in fact he denied all knowledge of any such document. But where a petitioner in an action in equity upon his case in chief discloses that he does not come into equity with clean hands, his admissions of his iniquity cannot be gainsaid and the chancellor is entitled to accept his statement as true and act accordingly.[5]

Obviously, therefore, assuming as the trial judge was entitled to assume that Nam was speaking the truth, any interest of which Nam might have been seized or possessed in the property of the copartnership at the time of the execution of the release vested in his copartner Wo, and in the absence of any evidence to the contrary it must be assumed that it remained vested in Wo, and that that was the state of the title to Nam's interest in the alleged copartnership at the respective times of the execution sale and assignment to the petitioner and of the filing of the within suit. In other words, according to the evidence of Nam, the execution of the release had operated to merge the joint interest of the copartners in Wo in severalty and the copartnership had thereupon ceased to exist.

This state of the title placed Nam's assignee in the position that to establish his claim as between himself and the surviving partner Wo, it was necessary for him to call to his aid the false and fraudulent transaction that brought the release into existence. To establish his interest in the copartnership it was necessary for him to revest his assignor and consequently himself with the in-

---

[5] *Southworth* v. *Huffaker*, 79 Colo. 364, 367; *White* v. *Cuthbert et al.*, 41 N. Y. Supp. 818; *Mulloy* v. *Young*, 10 Humph. 198, 200 (Tenn.).

terest fraudulently conveyed by Nam to his surviving partner. In other words, to set aside a fraudulent conveyance. Under such circumstances equity will refuse relief. Where, as here, plaintiff requires aid from a fraudulent transaction to establish his demand, he cannot recover.[6] It is true that "the wrongdoing which will defeat a litigant must have connection with the matter in litigation.  * * *  A new contract upon a new consideration is not necessarily unlawful because it relates to property acquired through unlawful transactions."[7]  But neither a new contract nor a new consideration appears from which it may be said that the legal effect of the false and fraudulent transaction was erased and the taint of iniquity removed.

Appellant urges that by stipulation of the parties in open court the sole issue before the court was whether or not a copartnership existed; that under the provisions of Revised Laws of Hawaii 1935, section 4710, the only valid ground of the motion to dismiss is the insufficiency of the petitioner's evidence to sustain his bill; that respondent was not entitled to a ruling on his motion to dismiss at the conclusion of the entire case, such ruling being limited to the close of the petitioner's case; and that under rule 4 of the circuit court of the first circuit the defense of release must be affirmatively pleaded to be available to respondent.

The only basis for the invocation of the rule that parties by their stipulations may prescribe the issues to be tried, and thus limit the issues made or to be made by the pleadings, is the following statement of the trial judge preliminary to trial:  "Now, I believe it has been agreed

---

[6] *Deweese* v. *Reinhard,* 165 U. S. 386; *Manhattan Medicine Co.* v. *Wood,* 108 U. S. 218; *Barnhisel* v. *Watters,* 138 Ore. 8, 4 P. (2d) 316; 1 Pom. Eq. Jur. (4th ed.) § 404, p. 761.

[7] *Primeau* v. *Granfield,* 193 Fed. 911, 916.  (See also *Kuwahara* v. *Kuwahara,* 23 Haw. 273.)

between counsel that the sole issue at this stage of the proceedings, and the sole question for the court to decide, is whether or not there is a partnership. If that question is decided in the negative, that will end the matter. If it is decided in the affirmative, then the court will appoint an accountant or a master to make a report on the accountancy phase of the question."

Only two issues were presented by the pleadings, *viz.*: (1) the existence of the copartnership as alleged, and (2) the interest of the petitioner in the subject matter of the suit. As heretofore stated, the respondent did not plead that the petitioner did not come into equity with clean hands. The record does not disclose the terms of the stipulation of counsel adopted by the court, but it is reasonable to assume that he made a correct statement of the situation then obtaining. We do not, however, construe the language of the court as adopting any agreement limiting the issues. In our opinion it was merely an outline of the order of procedure. To hold otherwise would be to give it an effect beyond its terms and beyond what the parties apparently intended. Certainly it does not imply the waiver or relinquishment of the right to interpose objections, of which petitioner's case was susceptible and vital to the maintenance of his case.

Nor do we understand that the provisions of Revised Laws of Hawaii 1935, section 4710, are exclusive or imply that the only ground of a motion to dismiss at the close of petitioner's case is the sufficiency of the evidence of petitioner to sustain his bill. Section 4710, Revised Laws of Hawaii 1935, which is section 1 of Act 185 of the Session Laws of 1929, was calculated to abrogate the previously obtaining equity rule that where a case in equity is set down for trial upon the bill, answer and replication, the respondent cannot upon the close of petitioner's case move for a dismissal of the bill on the ground of the in-

sufficiency of the evidence unless he himself also rests,[8] and was not intended to foreclose respondent from moving to dismiss upon other proper available grounds.

That the circuit judge recurred to the motion to dismiss as of the close of the petitioner's case, and in ruling thereon limited himself to a consideration of the evidence given upon the plaintiff's case in chief, was proper. No issue of fact was involved. It was his duty to accept the admissions of plaintiff's assignor and act upon them. The anomaly of the judge finding in favor of the respondent's denial of the execution of a release, carrying with it the inference that the admissions of the iniquity of plaintiff's assignor were false, is obvious. The mere fact that the trial judge did not act immediately upon the respondent's motion to dismiss but proceeded with the trial to conclusion is immaterial. Whatever the cause, although he did not act immediately, he ultimately acted correctly and that is all with which we are concerned. Petitioner was not entitled to relief and under the circumstances the error if any was harmless.[9]

Rule 4 of the circuit court of the first judicial circuit requiring a defendant to give notice in his answer of the defense of release applies to personal actions at law and is inapplicable to answers in equity.[10] Nor does the rule generally applicable to equity pleading apply. It is true that release to be available as a defense in equity must be pleaded. The respondent, however, did not object to the court taking cognizance of the suit upon the ground that petitioner's assignor had released to him in 1931 all his

---

[8] 21 C. J., Equity § 808, p. 637; *In re Title of Pa Pelekane*, 21 Haw. 175; *Texeira* v. *Amer. D. G. Association*, 17 Haw. 41; *Territory* v. *McCandless*, 16 Haw. 728.

[9] *Texeira* v. *Amer. D. G. Association*, 17 Haw. 41, cited *supra* note 8.

[10] (See R. L. H. 1935, §§ 4091, 4095, 4096, 3602 and 3656; *Otokichi* v. *Sekijiro*, 23 Haw. 234; *Hakalau Plant. Co.* v. *Kahuena*, 14 Haw. 189.)

interest in the copartnership property. His objection was that assuming the evidence of petitioner's assignor to be true, he was guilty of fraud, barring him and his assignee, the petitioner in the case, from seeking relief in equity.

The application of the maxim of "clean hands" is not in protection or vindication of rights of parties but a salutary guide of the conscience of the chancellor. The right to apply the maxim does not depend upon the state of the pleadings. It is inherent in the court. The failure to plead the defense does not foreclose the court from applying the maxim in a proper case on its own motion. The parties cannot waive the defense nor will their consent oblige the court to determine the rights of a petitioner who, to establish his claim, must call fraud to his aid.[11] Moreover, the court may act at any stage of the proceedings when it is made to appear that the relief prayed depends for its success upon a fraudulent transaction.[12]

The decree appealed from is affirmed.

*P. Cass (Cass & Silver* on the briefs) for petitioner-appellant.

*M. K. Ashford (W. H. Heen* with her on the briefs) for respondent-appellee.

---

[11] *Dunham* v. *Presby,* 120 Mass. 285; *John T. Stanley Co.* v. *Lagomarsino,* 53 F. (2d) 112, 116; *Bentley* v. *Tibbals,* 223 Fed. 247, 252; *Creamer* v. *Bivert,* 214 Mo. 473, 113 S. W. 1118; *Gest* v. *Gest,* 117 Conn. 289, 167 Atl. 909.

[12] *Teoli* v. *Nardolillo,* 23 R. I. 87, 49 Atl. 489; *Houston* v. *Graff,* 24 Pa. Co. Ct. 477.