GEORGE Y. F. AIONA, FRANCIS AIONA, JOSEPH AIONA AND LUCY AIONA *v.* WING SING WO COMPANY, LIMITED AND LEONG HAN.

NO. 2987.

ARGUED APRIL 6, 1955.                    DECIDED FEBRUARY 23, 1956.

TOWSE, C. J., STAINBACK AND RICE, JJ.

*Per Curiam.* This is an appeal by the petitioners-appellants from an order of the judge of the circuit court, first circuit, at chambers, in equity, acting and herein referred to as "chancellor" dismissing "without prejudice" an action whereby the petitioners, appellants herein, have sought to impress a trust upon 250 shares of the capital stock of Wing Sing Wo Company, Limited, a Hawaiian corporation, and to obtain an accounting of the dividends thereon.

The proceeding below was commenced before the chancellor, at chambers, in equity, in the year 1951 and the chancellor's "ORDER DISMISSING ACTION," appealed from, was entered and filed on April 26, 1954, to wit, before the effective date (June 14, 1954) of the Hawaii Rules of Civil Procedure, so, the procedure therein was subject to the theretofore established practice in equity and sections 12403-12411, inclusive, of the Revised Laws of Hawaii 1945. The latter is as follows:

"Sec. 12411. Dismissal of bills in equity. If at the close of petitioner's case it shall appear to the judge presiding that the evidence adduced in behalf of the petitioner is insufficient to sustain his bill, the judge may, upon his own motion or upon motion of counsel for any party in interest dismiss the bill."

The provisions of section 12411 as quoted *supra,* being

the same as those of section 1 of Act 185 of the Session Laws of 1929 and of section 4710, Revised Laws of Hawaii 1935, abrogated the previously obtaining equity rule and made it unnecessary for respondents to themselves rest before moving for a dismissal upon the close of petitioner's case on the ground of the insufficiency of the evidence, where a case in equity is set down for trial upon the bill, answer and replication. See *Young* v. *Wo,* 36 Haw. 676, at 683.

Therefore, there was no procedural error on the part of the chancellor in entering the "ORDER DISMISSING ACTION," which has been appealed from.

It appears from the pleadings that the petitioners-appellants, bearing and suing under the surname of Aiona, alleged, *inter alia,* and were obliged to prove, prima facie, that they are "the entitled heirs" (next of kin) of one Chang Chong; that the latter died intestate — within the third judicial circuit, Territory of Hawaii — on March 3, 1928, and "during his lifetime and at the time of his death" was the owner of two hundred fifty (250) shares of Wing Sing Wo Company, Limited. In her order dismissing action, the chancellor made this finding:

"The evidence adduced establishes that one Chang Chong was at one time the owner and holder of 250 shares of stock in said company, but such evidence fails to establish that Chang Chong, the father of said petitioners and through whom they claim, was the same Chang Chong who formerly owned said shares of stock."

Although we have heard argument on the merits of the appeal, we have come to the conclusion that this court should not be concerned with the question of whether the finding of the chancellor, quoted *supra,* was, or was not, correct, for the order dismissing the action being "without

prejudice,"[1] the petitioners have not thereby been precluded from further action in the lower court and the order appealed from does not have the finality requisite for adjudication of the matter by this court upon appeal.

Therefore, this court, *sua sponte,* dismisses the appeal, without prejudice.

Remanded.

*W. Y. Char* (also on the brief) for petitioners-appellants.

*Robert G. Dodge (Heen, Kai, Dodge & Lum* on the brief) for respondents-appellees.

---

[1] *Dismissal without Prejudice.* In *Fleishbein* v. *Western Auto Supply Agency, et al.,* 65 P. (2d) 928, in the District Court of Appeal, Second District, Division 2, California, March 4, 1937, Presiding Justice Crail, in the opinion of the court, said:

"The phrase 'without prejudice' is often used but is seldom defined. Dismissals of actions without prejudice ordinarily indicate that such judgments of dismissal affect no right or remedy of the parties and that there has been no decision of the case upon the merits. 69 Cor. Jur. 1318, notes 62 and 63. The only adjudication by a judgment of dismissal 'without prejudice' is that nothing is adjudged and that the parties are as free to litigate the issue as though the action had not been commenced. *Harrison* v. *Remington Paper Co.,* (C. C. A.) 140 F. 385, 3 L. R. A. (N. S.) 954, 5 Ann. Cas. 314; 9 R. C. L. 214. Such a dismissal cannot ordinarily be construed as debarring the defendant of any defense upon the merits of the case to which he is entitled by law. 17 R. C. L. 871, note 13; *Nevitt* v. *Bacon,* 32 Miss. 212, 66 Am. Dec. 609."

In 17 Am. Jur., section 71, page 93, under the title of dismissal and discontinuance, this appears:

"Generally, rulings and decisions in the course of an action which is dismissed without prejudice raise no estoppel in connection with a future action, since the only adjudication by force of such a judgment is that nothing has been adjudged and that the parties are as free to litigate the issue as though the action had not been commenced."

In 27 C. J. S., page 254, § 73, under the title of dismissal and nonsuit, this appears:

"§ 73. — Dismissal Absolute or without Prejudice.

"Where there has not been a trial on the merits, a dismissal ordinarily should be without prejudice.

"Dismissals of actions without prejudice ordinarily indicate that such judgments of dismissal affect no right or remedy of the parties and that there has been no decision of the case on the merits."