GEORGE Y. F. AIONA, FRANCIS AIONA, JOSEPH AIONA AND LUCY AIONA *v.* WING SING WO COMPANY, LIMITED AND LEONG HAN.

No. 4168.

JANUARY 16, 1962.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.

*Per Curiam.* On April 26, 1954 this action, Equity No. 5388, was dismissed by the circuit court "without

prejudice," after petitioners, hereinafter referred to as plaintiffs, had had a period of nearly three years in which to adduce further evidence that Chang Chong, the father of the plaintiffs and through whom they claim, was the same Chang Chong who formerly owned 250 shares of the stock of the respondent corporation.

It was on July 25, 1951 that respondents, hereinafter referred to as defendants, made an oral motion for dismissal for failure of proof. The court took the motion under advisement after indicating that it would like further evidence on the point above stated. The order of April 26, 1954 dismissing the action stated that the evidence adduced failed to establish this point.

An appeal from the dismissal of the action was dismissed by this court, *sua sponte*, without prejudice, on the ground that the order of April 26, 1954 was not an appealable order. Following the filing of the opinion, reported at 41 Haw. 371, the case was remanded on March 5, 1956. A petition for rehearing, filed twelve days after the filing of the opinion and accordingly untimely under our rule 5(a), was struck for that reason. In the petition for rehearing plaintiffs stated, and upon the argument of the present appeal they again stated, that no new evidence could possibly be submitted.

Notwithstanding the dismissal of this appeal in 1956 plaintiffs were not without remedy. They could and did, on January 3, 1957, bring a new action, Civil No. 2504. However, on April 29, 1959 they moved to discontinue it without prejudice. On the same day they filed in the equity case (No. 5388) a motion to set that case "for trial pursuant to the mandate of the Supreme Court which remanded it to the trial court for further proceedings." This was after defendants in Civil No. 2504, the same parties who were defendants in Equity No. 5388, had moved for summary judgment in Civil No. 2504.

On May 4, 1959 all three motions were heard. Without ruling on the motion for summary judgment the court permitted the discontinuance of Civil No. 2504 without prejudice, on plaintiffs' motion. An order to that effect subsequently was entered. In Equity No. 5388, the court interpreted the motion as one to reopen and denied the motion on the grounds that, first, plaintiffs had no new evidence to present, and, second, the motion was not timely and stated no ground under Rule 60(b) of the Hawaii Rules of Civil Procedure. Upon entry of this order on October 1, 1959, the present appeal was taken.

It was held at 41 Haw. 371 that the order of April 26, 1954 permitted another action to be brought, that in that event the prior proceedings would not support a plea of res judicata, and that the dismissal without prejudice left the parties as free to litigate the issue as though the original action had not been commenced. Defendants, however, contend that upon bringing of another action additional evidence would be required, and that under the order of April 26, 1954 it became res judicata that the facts so far shown were insufficient, citing *Craver* v. *Spaugh,* 227 N.C. 129, 41 S.E.2d 82. The same point was made by defendants by their motion for summary judgment in Civil No. 2504. It is unnecessary for us to rule upon the point as a fresh question. The question is not free from doubt, because the circuit court's order of dismissal, though "without prejudice," expressly found that the evidence failed to establish a key fact. See 17 Am. Jur., *Dismissal,* § 103 at 173 (1957 ed.); Annot., 149 A.L.R. 553, 598. But the decisive point now is that this court adjudicated in 1956 that nothing had been determined by the above finding. See *Bertelmann* v. *Lucas,* 35 Haw. 335, 343. Thus it has been conclusively decided that nothing has been adjudicated as to the sufficiency of the evidence adduced in the first action. The dismissal of

the appeal "without prejudice" could have had no other purpose than to reserve as an open question the correctness of the finding above mentioned. See Annot., 149 A.L.R., *supra* at 563.

However, we think it proper to state that in our opinion the plaintiffs were entitled to appeal in 1954 from the compulsory nonsuit ordered against them. See *Central Transp. Co.* v. *Pullman's Car Co.*, 139 U.S. 24; 2 Am. Jur., *Appeal and Error*, § 82. This court had reviewed compulsory nonsuits previously, as illustrated by *Garcia* v. *Mendonca*, 7 Haw. 194; *Territory* v. *McCandless*, 16 Haw. 728; *Lyu* v. *Shinn*, 40 Haw. 198; *Schimmelfennig* v. *Grove Farm Co.*, 41 Haw. 124. The words "without prejudice" did not make the present case unique; in *Territory* v. *McCandless, supra,* this court expressly declared that the dismissal was without prejudice but this did not affect the status of the appeal. Accordingly, we are of the opinion that review of the order of April 26, 1954 should have been accorded in the former appeal even though the dismissal of the suit effected by that order was without prejudice.

Irrespective of the view just expressed, this appeal presents solely the question whether plaintiffs' motion of April 29, 1959 in Equity No. 5388 should have been granted. The appeal does not bring up for review the order made April 26, 1954. 7 Moore, Federal Practice, § 60.30(3) (2d ed.). Our view, above stated, that the appeal from that order should have been entertained does not enlarge our jurisdiction in the present case. Our jurisdiction is solely over the order of October 1, 1959 on the motion of April 29, 1959.

Plaintiffs' motion was not made under H.R.C.P., Rule 60(b), though the trial court treated it as such a motion. The motion actually was that the case be set for trial. The theory of the motion was that the remand of March

5, 1956 was for further proceedings. This was incorrect; the words "for further proceedings" did not appear in the remand and no further proceedings were called for under the opinion and judgment of this court. The dismissal of the appeal left the action dismissed without prejudice. Plaintiffs' choice at that point was between seeking reinstatement of the dismissed action, on the one hand, or bringing a new action, on the other. The latter course was followed until April 29, 1959, when a new course of action was decided upon, the second action was discontinued, and the motion now involved was filed in the original action.

Assuming but not deciding that at some point the original action might have been reinstated we come to the consideration of H.R.C.P., Rule 60(b). We agree with the court below that the motion was not timely under that rule[1] when filed more than three years after the remand of the cause, during which period another action had been brought. Every motion under Rule 60(b) must be made within a reasonable time, and if made for certain reasons enumerated in the rule must be made not more than one year after the judgment. It is not necessary to consider the applicability of the one year limit. Considering the over-all limit of "a reasonable time" we have inquired into the explanation for the delay in applying for reinstatement of the action. No adequate explanation has been offered. It was due to a change of mind as to the advisability of prosecuting a second action. But as stated

---

[1]We assume without deciding that the matter of reinstatement of the action was governed by the Hawaii Rules of Civil Procedure, which took effect June 14, 1954. The requirement that such a motion be made within a reasonable time, the only requirement considered in this opinion, is at least as favorable to plaintiffs as the former procedure would have been under the circumstances. See 17 Am. Jur., *Dismissal*, § 111 (1957 ed.) ; *Ruland* v. *Ley*, 144 S.W.2d 883 (Tex.). On the former procedure see generally 7 Moore, Federal Practice, § 60.16(2) (2d ed.) ; *Rhoades* v. *Maciel*, 25 Haw. 579.

in *Ackerman* v. *United States*, 340 U.S. 193, 198: "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." Three years is far in excess of a reasonable time within which to make a decision as to choice of remedy. See *Yanow* v. *Weyerhaeuser S.S. Co.*, 274 F.2d 274, 281 (9th Cir.). Plaintiffs should have abided by their original decision to file a new suit, meeting the res judicata issue presented by the motion for summary judgment by the holding at 41 Haw. 371 and pursuing to final judgment the question of the sufficiency of the evidence. Under H.R.C.P., Rule 41(b), governing the trial of the second action though not the first, in the event of another nonsuit it would have operated as an adjudication upon the merits and would have been appealable even under the holding at 41 Haw. 371.

From the minutes of the trial court and the arguments made in this court it would seem that the trial court shared the supposition of plaintiffs' counsel that another appeal in the original action was the best vehicle for a decision by this court on the sufficiency of the evidence previously adduced. However, this court concludes otherwise. We have before us only the question whether there was a timely attempt to reinstate the original action. We have no jurisdiction over the order of April 26, 1954.

At the argument counsel for plaintiffs stated that he was concerned about the effect of the lapse of time upon the right to maintain another action. This question was raised by the trial judge upon argument of the motion for summary judgment in Civil No. 2504, and may be raised again should a third action be brought. In that event the question will have to be judged in the light of *Bertelmann* v. *Lucas, supra,* 35 Haw. 335, 345. It is only fair to say that there has been some justification for confusion as to the status of the original action by reason of

the statement, made at the conclusion of the opinion upon the former appeal, that "the order appealed from [the order of April 26, 1954] does not have *the finality* requisite for adjudication of the matter by this court upon appeal" (italics added), which was followed by the provision for remand. However, read as a whole with the explanatory footnote, the opinion was based upon the proposition that plaintiffs had not been aggrieved by the dismissal. There was nothing further to be done to dispose of the original action.

For the reason that upon the remand following the dismissal of the original appeal the action stood dismissed as ordered on April 26, 1954 and the motion of April 29, 1959 was made too late, the order of October 1, 1959 must be affirmed. However, there is a question as to parties to be considered. On November 10, 1960 plaintiffs informed the court of the death on February 8, 1958 of the individual appellee, Leong Han, and moved to substitute the executors under his will. This motion was resisted by the executors on the ground that it was untimely under rule 6(g) of the rules of this court, and on the further ground of the bar of the nonclaim statute, R.L.H. 1955, § 317-23. After hearing argument on the motion this court reserved ruling but permitted the attorney for the executors to participate in the argument of the appeal without waiver of the opposition to the motion. In view of the issue presented as to the nonclaim statute the question whether the matter of substitution should first be considered in the trial court would have been of concern if the effect of the substitution had been to continue the action against the executors, but our conclusion that the original action stands dismissed and no proper steps have been taken to reinstate it eliminates this problem. The substitution is solely for the purposes of this appeal and imports no decision as to the right

to maintain another action against the executors in view of the nonclaim statute. The question raised as to the timeliness of the motion for substitution is met to the satisfaction of this court. Though our rule 6(g) requires that the substitution be made within sixty days after the event calling therefor, it also provides that if not then made the court may take such action as it shall deem appropriate. In this case counsel for the defendants continued to file papers and briefs for both defendants long after the death of the individual defendant. According to the affidavit supporting the motion for substitution, and not contested, the same firm filed the petition for the probate of the individual defendant's will as was of counsel for the defendants, though the death of the individual defendant may not have come to the attention of the particular member of the firm handling the instant case. In view of the circumstances we deem it appropriate to permit the substitution and so order.

Affirmed.

*W. Y. Char* for plaintiffs-appellants.

*Charles B. Dwight III* (*Heen, Kai & Dodge* of counsel) for defendant-appellee Wing Sing Wo Company, Limited.

*Richard E. Stifel* (*Anderson, Wrenn & Jenks* of counsel) for Hawaiian Trust Company, Limited and Yee Han Leong Lau, Executors of the Estate of Leong Han, Deceased.